******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# MORTGAGEIT MORTGAGE LOAN TRUST, TRUSTEE *v.* JEFFREY M. EHRISMANN ET AL.
## (AC 48817)

Alvord, Moll and Wilson, Js.

*Syllabus*

The defendant appealed from the summary judgment rendered for the plaintiff on its foreclosure complaint as to liability only and on the defendant's counterclaim. After the defendant filed his appeal with this court, this court granted in part the plaintiff's motion to dismiss the appeal for lack of a final judgment. On appeal, the defendant claimed, inter alia, that the trial court erred in rendering summary judgment for the plaintiff on the count of his counterclaim alleging intentional infliction of emotional distress. *Held*:

This court declined to review the defendant's claims that the trial court improperly rendered summary judgment for the plaintiff on his special defenses of unclean hands and estoppel and on the complaint as to liability only, as those claims were encompassed by that portion of the defendant's appeal that previously was dismissed for lack of a final judgment.

This court declined to review the defendant's claim that the trial court erred in rendering summary judgment with respect to the count of his counterclaim alleging intentional infliction of emotional distress, as the claim was inadequately briefed.

Argued May 19—officially released July 7, 2026

*Procedural History*

Action to foreclose a mortgage on certain real property, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the defendant Matthew P. Ehrismann et al. were defaulted for failure to appear and the defendant Federal Deposit Insurance Corporation was defaulted for failure to plead; thereafter, the named defendant filed a counterclaim; subsequently, the court, *Hon. Charles T. Lee*, judge trial referee, rendered summary judgment for the plaintiff on the complaint as to liability only and on the counterclaim, and the named defendant appealed to this court;

thereafter, this court granted in part the motion to dismiss filed by the plaintiff. *Affirmed*.

*Stephen E. Nevas*, for the appellant (named defendant).

*Jeffrey M. Knickerbocker*, for the appellee (plaintiff).

*Opinion*

MOLL, J. The defendant Jeffrey M. Ehrismann, as heir and/or beneficiary of Anthony W. Ehrismann,[1] appeals from the summary judgment rendered in favor of the plaintiff, Mortgageit Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2006-1, U.S. Bank National Association, as Trustee, Successor in Interest to Deutsche Bank National Trust Company, as Trustee, on the plaintiff's foreclosure complaint and on the defendant's counterclaim. Specifically, the defendant claims on appeal that the trial court erred in rendering summary judgment in the plaintiff's favor with respect to (1) the defendant's special defense of unclean hands, (2) the defendant's special defense of estoppel, (3) the plaintiff's foreclosure complaint as to liability only, and (4) count four of the defendant's counterclaim, which alleged a claim for intentional infliction of emotional distress. With respect to the defendant's first three claims, we decline to review them because they are encompassed by that portion of the defendant's appeal that previously was dismissed for lack of a final judgment. With respect to the defendant's fourth claim, we reject the claim as inadequately briefed and affirm the summary judgment insofar as it was rendered in favor of the plaintiff on the defendant's counterclaim.

---

[1] The complaint also named as defendants the Federal Deposit Insurance Corporation, as receiver for Indymac Federal Bank, FSB, Matthew P. Ehrismann, as heir and/or beneficiary of Anthony W. Ehrismann, Peter J. Ehrismann, as heir and/or beneficiary of Anthony W. Ehrismann, the Department of Revenue Services, and the Office of Probate Administration, but those parties were defaulted either for failure to appear or for failure to plead and are not participating in this appeal. For the sake of clarity, we refer to Jeffrey M. Ehrismann, as heir and/or beneficiary of Anthony W. Ehrismann, as the defendant.

By way of brief background, in September 2022, the plaintiff commenced this residential foreclosure action against, among others, the defendant. In his answer to the plaintiff's one count complaint sounding in foreclosure, the defendant asserted three special defenses, namely, bankruptcy discharge, equitable estoppel, and unclean hands, as well as a four count counterclaim alleging, inter alia, a claim for intentional infliction of emotional distress. The special defenses and counterclaim were based on notices, included in monthly mortgage billing statements that the plaintiff, its agent, or its predecessor in interest sent the defendant (or previously the original borrower and decedent, Anthony W. Ehrismann) for several years, which stated the following: "Our records show that either you are a debtor in bankruptcy or you discharged personal liability for your mortgage loan in bankruptcy. We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect a debt against you. If you want to stop receiving statements, write to us." (Emphasis omitted.)

On June 18, 2024, the plaintiff filed a motion for summary judgment as to liability only on its foreclosure claim, as well as the defendant's special defenses and counterclaim. Over the defendant's objection, on May 27, 2025, the trial court, *Hon. Charles T. Lee,* judge trial referee, granted the plaintiff's motion in its entirety, rendering summary judgment in favor of the plaintiff on the foreclosure complaint as to liability only, the special defenses, and the counterclaim. The present appeal followed.

On June 11, 2025, the plaintiff filed a motion to dismiss the appeal on the grounds that it is, at least in part, not taken from a final judgment and is frivolous and dilatory. On June 23, 2025, the defendant filed an opposition to the motion. On July 23, 2025, this court ordered the motion to dismiss "granted, in part, in that the appeal is dismissed for lack of a final judgment on

the foreclosure complaint[2] . . . and denied, in part, as to the summary judgment rendered in favor of the plaintiff on the defendant's counterclaim. See Practice Book § 61-2." (Citation omitted; footnote added.)

On April 8, 2026, the trial court, *Hon. Robert L. Genuario*, judge trial referee, rendered a judgment of strict foreclosure and determined the amount of the debt. On April 14, 2026, the defendant filed in this court a motion for permission to amend his appeal to include the judgment of strict foreclosure. On April 28, 2026, this court denied the motion and "further ordered, sua sponte, that the defendant may file a new appeal from the April 8, 2026 judgment on or before May 8, 2026," which the defendant did on May 4, 2026. See *Mortgageit Mortgage Loan Trust* v. *Ehrismann*, Connecticut Appellate Court, Docket No. AC 49910 (filed May 4, 2026).

With respect to the defendant's first three claims on appeal, as a result of this court's dismissal, in part, of the defendant's original appeal, the trial court's rendering of summary judgment with respect to the plaintiff's foreclosure claim and the defendant's special defenses is no longer encompassed by the present appeal. Because the trial court has now rendered a final judgment on the foreclosure complaint, the defendant will have the opportunity to obtain appellate review relating thereto in his newly filed appeal. See id.

With respect to the defendant's fourth claim on appeal relating to the fourth count of his counterclaim, we decline to address it because, as presented in two sentences, it is inadequately briefed. See *Robb* v. *Connecticut Board of Veterinary Medicine*, 204 Conn. App. 595, 611,

---

[2]The defendant seeks to have us revisit our dismissal, in part, of this appeal on the basis of the lack of a final judgment on the foreclosure complaint. Putting aside that the proper procedure would have been for the defendant to file a motion to reconsider, we stand on our prior decision, as it is well settled that "a judgment of foreclosure is not a final judgment until the trial court determines the method of foreclosure and the amount of the debt." (Internal quotation marks omitted.) *Bombero* v. *Bombero*, 160 Conn. App. 118, 126 n.9, 125 A.3d 229 (2015).

254 A.3d 915 ("We repeatedly have stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited." (Internal quotation marks omitted.)), cert. denied, 338 Conn. 911, 259 A.3d 654 (2021).

The judgment with respect to the defendant's counterclaim is affirmed.

In this opinion the other judges concurred.